UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARACELI MENDOZA,<br><br>Defendant. | Case No. 16-cr-00150-BLF-3<br><br>**ORDER DENYING DEFENDANT MENDOZA'S THIRD MOTION FOR EARLY PRETRIAL DISCLOSURES BY THE GOVERNMENT**<br><br>[Re: ECF 312] |

Defendant Araceli Mendoza's Third Motion for Early Pretrial Disclosures by the Government was heard on March 2, 2021. Mendoza "moves the Court for a pre-trial order for early disclosure on March 5, 2021, 56 days before trial, by the government of: (1) government expert witness and *Bruton* information and materials; (2) Federal Rule of Evidence 404(b) information and materials; (3) government trial witness list (names only); and (4) disclosure of names and addresses of eyewitnesses that the government does not intend to call at trial." Mot. at 1, ECF 312. Mendoza also requests that the court issue the Ninth Circuit Jury Instructions Committee's proposed model order drafted pursuant to the Due Process Protections Act, Pub. L. 116-182, 134 Stat. 894 (Oct. 21, 2020). *See id.* at 2. The Government opposes the motion, asserting that it has produced some of the requested materials and that Mendoza has not shown good cause for early production of the remaining materials.

Mendoza's motion is DENIED for the reasons stated on the record and summarized below.

With respect to the first category identified above, Government counsel represented at the hearing that the Government does not intend to offer expert witnesses at trial and that the Government has produced *Bruton* materials to Mendoza, including the plea agreements of Mendoza's co-defendants and thousands of pages of documents. Defense counsel did not dispute the Government's assertion that *Bruton* materials have been produced. The motion is DENIED as moot with respect to the first category.

With respect to the second category identified above, Government counsel stated at the hearing that the Government has provided the required Rule 404(b) notice to Mendoza. Defense counsel did not dispute that representation. The motion is DENIED as moot with respect to the second category.

With respect to the third category identified above, the Court finds that Mendoza has not shown good cause to deviate from the timeline for exchanging witness lists established by the Criminal Local Rules and this Court's Standing Order Re Criminal Trials, under which witness lists must be provided at least seven days before the Final Pretrial Conference. *See* Crim. L.R. 17.1-1; Standing Order Re Criminal Trials ¶ V. The Government has indicated that it will provide its trial witness list on March 25, 2021, which is seven days before the Final Pretrial Conference scheduled for April 1, 2021. The motion for early disclosure is DENIED as to the third category.

With respect to the fourth category identified above, the Court finds that Mendoza has not shown good cause to order the Government to identify eyewitnesses that it does not intend to call at trial. The motion is DENIED as to the fourth category.

With respect to Mendoza's request for issuance of the Ninth Circuit Jury Instructions Committee's proposed model order drafted pursuant to the Due Process Protections Act, the parties did not address this issue at the hearing. The Act amended Rule 5(f) of the Federal Rules of Criminal Procedure to provide in relevant part as follows: "In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law." Fed. R. Crim. P. 5(f)(1).

The Act also amended Rule 5(f) to require that "[e]ach judicial council in which a district court is located shall promulgate a model order for the purpose of paragraph (1) that the court may use as it determines is appropriate." Fed. R. Crim. P. 5(f)(2).

Mendoza has not explained how these changes to Rule 5(f), or the Ninth Circuit Jury Instructions Committee's proposed model order, are relevant here. The "first scheduled court date when both prosecutor and defense counsel are present" came and went long before the subject amendment to Rule 5(f). The Government has indicated that it is aware of its *Brady* obligations, both in response to this motion and in response to Mendoza's prior motions in this case. The Act "did not change the substance of those obligations," *United States v. Wilson*, No. 1:19-CR-00155 EAW, 2021 WL 480853, at *3 (W.D.N.Y. Feb. 10, 2021), and Mendoza does not contend otherwise. Accordingly, Mendoza's request for issuance of the Ninth Circuit Jury Instructions Committee's proposed model order is DENIED.

IT IS SO ORDERED.

Dated: March 3, 2021

_____
BETH LABSON FREEMAN
United States District Judge

3