1

2

3            **UNITED STATES DISTRICT COURT**

4            **NORTHERN DISTRICT OF CALIFORNIA**

5            **SAN JOSE DIVISION**

6

7     UNITED STATES OF AMERICA,                    Case No. 16-cr-00150-BLF-3

8                    Plaintiff,                    **ORDER RE MOTIONS *IN LIMINE***

9              v.                                  [Re:  ECF 334, 335, 336, 337, 338, 339,
                                                   340, 341, 342, 343, 344, 345, 346, 351, 390]
10    ARACELI MENDOZA,

11                   Defendant.

12

United States District Court
Northern District of California

13           Defendant Araceli Mendoza ("Mendoza") is alleged to have conspired with co-defendants

14    Ariel Guizar-Cuellar ("Guizar-Cuellar"), Jocelyn Contreras ("Contreras"), and Alyssa Anthony

15    ("Anthony") in the trafficking of minors, and to have trafficked minors J.B., B.M., and J.V., from

16    September 2014 through January 2016.  *See* Superseding Indictment, ECF 359.  Mendoza is

17    charged with one count of Conspiracy to Commit Sex Trafficking of Children in violation of 18

18    U.S.C. § 371, and three counts of Sex Trafficking of Children in violation of 18 U.S.C. § 1591(a)

19    and (b)(2).  *See id.*  Trial on those charges is scheduled to commence on May 3, 2021.

20           The Court held a Final Pretrial Conference on April 1, 2021, at which time it issued oral

21    rulings on the parties' motions *in limine*.  Those rulings are summarized as follows:

22                        **GOVERNMENT'S MOTIONS *IN LIMINE***

23    **(1)    Government's Motion *in Limine* No. 1 to Exclude Duress and/or Coercion Defense**

24            **and Evidence of Duress and Coercion (ECF 334)**

25           The Government moves to exclude any affirmative defense of duress or coercion, arguing

26    that Mendoza cannot make a *prima facie* showing of each element of the defense.  Mendoza

27    opposes the motion, asserting that she has made a sufficient *prima facie* showing of coercion to be

28    permitted to present the defense to the jury.

1    "A defendant is not entitled to present a duress defense at trial or receive a jury instruction

2    on duress unless the defendant makes a prima facie showing of duress in a pretrial offer of proof,

3    or in evidence presented at trial." *United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir.

4    2011) (citations omitted). "In order to make a prima facie showing for a duress defense or a jury

5    instruction, a defendant must establish: (1) an immediate threat of death or serious bodily injury,

6    (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity

7    to escape the threatened harm." *Id.* (quotation marks and citations omitted). "In the absence of a

8    prima facie showing of duress, evidence of duress is irrelevant and may be excluded, and a jury

9    instruction is not appropriate." *Id.*

10   The Court finds that Mendoza has made a *prima facie* showing of duress through evidence

11   that she and her family were under an immediate threat of death or serious bodily injury from her

12   co-defendant, Guizar-Cuellar; that she had a well-grounded fear that the threat would be carried

13   out by Guizar-Cuellar; and that she had no reasonable opportunity to escape the threatened harm.

14   In making this ruling, the Court has considered the Government's arguments that the immediacy

15   requirement cannot be established given the length of the alleged conspiracy, and that Mendoza

16   could have escaped Guizar-Cuellar on a number of occasions when he was taken into police

17   custody. While the Court agrees that the Government's arguments on those points are quite

18   strong, and ultimately may persuade the jury, the Court's task at this stage of the proceedings is

19   not to determine whether Mendoza has proved a duress defense but whether she has made a

20   sufficient *prima facie* showing to go forward with the defense. The Court concludes that she has

21   done so.

22   The motion is DENIED.

23   **(2)   Government's Motion *in Limine* No. 2 to Preclude Any References to the Victims'**

24   **Sexual History Under Federal Rule of Evidence 412 and All Arguments or References**

25   **Regarding Consent of Minors to Sexual Acts (ECF 335)**

26   The United States moves to preclude any evidence of the minor victims' sexual history

27   under Federal Rule of Evidence 412, and any reference or argument regarding the alleged

28   "consent" of any minor to sexual activity. Mendoza does not seek to introduce evidence of

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    consent on the part of the minor victims.  However, she does seek to present evidence regarding

2    the minor victims' history of prostitution and recruitment under Rule 412(b)(1)(C), and she has

3    filed an affirmative motion (Defendant's Second Revised Motion *In Limine* No. 7) to admit such

4    evidence under Rule 412(b)(1)(C).

5    Under Rule 412, "[t]he following evidence is not admissible in a civil or criminal

6    proceeding involving alleged sexual misconduct:  (1) evidence offered to prove that a victim

7    engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual

8    predisposition."  Fed. R. Evid. 412(a).  The rule contains, providing as relevant here that in a

9    criminal case the Court may admit "evidence whose exclusion would violate the defendant's

10   constitutional rights."  Fed. R. Evid. 412(b)(1)(C).  A party seeking to offer evidence under Rule

11   412(b) must:  file a motion describing the evidence and the purpose for which it is to be offered;

12   do so at least 14 days before trial; serve the motion on all parties; and notify the victim or the

13   victim's guardian or representative.  Fed. R. Evid. 412(c)(1).  "Before admitting evidence under

14   this rule, the court must conduct an in camera hearing and give the victim and parties a right to

15   attend and be heard."  Fed. R. Evid. 412(c)(2).  "Unless the court orders otherwise, the motion,

16   related materials, and the record of the hearing must be and remain sealed."  *Id.*

17   The Court agrees with the Government that Mendoza may not present evidence of the

18   minor victims' sexual history absent a specific showing that particular evidence is admissible

19   under Rule 412(b)(1)(C) under the procedure set forth above.  There is no dispute that Mendoza

20   may not present evidence of the minor victims' consent.  Accordingly, the Court will grant the

21   Government's motion at a high level, and it will address Mendoza's request to present particular

22   evidence in the context of her affirmative Second Revised Motion *In Limine* No. 7, below.

23   The motion is GRANTED.

24   **(3)     Government's Motion *in Limine* No. 3 to Admit Defendant's Statements and**

25   **Statements of Co-Conspirators Pursuant to Federal Rule Of Evidence 801 (ECF 336)**

26   The Government moves to admit Mendoza's statements and those of her co-defendants

27   made in furtherance of the conspiracy.  Mendoza does not dispute that an out-of-court statement is

28   admissible where it is offered against the defendant and was made by the defendant.  *See* Fed. R.

United States District Court
Northern District of California

1    Evid. 801(d)(2)(A); *see also United States v. Pelisamen*, 641 F.3d 399, 410 (9th Cir. 2011) ("That

2    statement is not hearsay because it is offered against Defendant and is his own statement.").  Nor

3    does Mendoza dispute that an out-of-court statement is admissible where it is offered against the

4    defendant and was made by the defendant's "coconspirator during and in furtherance of the

5    conspiracy."  Fed. R. Evid. 801(d)(2)(E).  However, Mendoza reserves the right to object

6    to evidence of her own statements or statements of her co-defendants under Federal Rule of

7    Evidence 901 for lack of authentication.  According to Mendoza, the Government may seek to

8    attribute statements to Mendoza and others that were not made by them.  Mendoza also reserves

9    the right to challenge whether statements of her co-defendants were made in furtherance of the

10   alleged conspiracy.

11         Subject to Mendoza's right to object for lack of authentication or other appropriate basis,

12   the motion is GRANTED.

13   **(4)    Government's Motion *in Limine* No. 4 to Exclude References to Punishment and**

14   **        Attempts to Elicit Jury Sympathy (ECF 337)**

15         The Government moves to preclude all references to punishment in front of the jury and

16   any attempts to elicit jury sympathy or encourage jury nullification.  Mendoza has not filed

17   opposition to the motion.

18         The motion is GRANTED.

19   **(5)    Government's Motion *in Limine* No. 5 to Admit Selected Child Pornography Images**

20   **        and Video (ECF 338)**

21         The Government moves to admit selected images and a video depicting a minor engaged in

22   sexually explicit conduct.  To protect the minor victim's privacy, the Government requests that

23   in-court publication of the child pornography evidence be limited to the Court, the jurors, and the

24   parties.  Mendoza does not oppose the motion, "so long as the Court permits a full scope of cross-

25   examination" regarding the context of certain video evidence and complies with certain other

26   conditions.  Opp. to Gov't MIL 5, ECF 375.  Mendoza is not entitled to impose conditions upon

27   the Government's presentation of its case, and her attempt to do so has been disregarded by the

28   Court.

4

1    While it is difficult for the Court to rule on the Government's motion in a vacuum, the

2    Court will allow the Government to present to the jury a reasonable quantity of images and a video

3    depicting a minor engaged in sexually explicit conduct.

4    The motion is GRANTED.

5    **(6)    Government's Motion *in Limine* No. 6 To Enforce Reciprocal Discovery Obligations**

6    **(ECF 339)**

7    The Government moves to enforce reciprocal discovery obligations.  The Government

8    asserts that it is complied fully with its discovery obligations, but that Mendoza has not responded

9    to the Government's formal discovery requests in letters dated October 13, 2016, October 26,

10   2013, and October 18, 2017.  The Government asks that the Court exclude any defense evidence

11   that Mendoza failed to produce pursuant to her discovery obligations.  Mendoza has not filed

12   opposition to the motion.

13   The motion is GRANTED.

14   **(7)    Government's Motion *in Limine* No. 7 to Exclude Testimony Of John Vanek, Dr.**

15   **Charles Flinton, and Samuel Plainfield (ECF 340)**

16   The Government moves to exclude the testimony of defense experts John Vanek, Dr.

17   Charles Flinton, and Samuel Plainfield.  Mr. Vanek is an expert in human sex trafficking.  Dr.

18   Flinton, a psychologist, is offered as an expert regarding the psychodynamics of coercion in the

19   context of female sex trafficking.  Mr. Plainfield is a computer forensics expert.  The Government

20   does not challenge these individuals' qualifications to testify as experts, but rather it seeks to limit

21   the scope of their testimony.  The Court's rulings with respect to particular testimony will depend

22   on the questions asked and the state of the record.  However, the Court provides broad guidance as

23   to the type of testimony that generally will be excluded.

24   With respect to Mr. Vanek, he may not offer opinions as to the propriety of the decision to

25   prosecute Mendoza in the Orange County case, or any other opinions going to Mendoza's guilt or

26   innocence of a particular offense.  *See United States v. Freeman*, 498 F.3d 893, 906 (9th Cir.

27   2007) ("An expert witness is not permitted to offer a direct opinion on the defendant's guilt or

28   innocence.").  However, Mr. Vanek may testify regarding the characteristics of persons under

United States District Court
Northern District of California

United States District Court
Northern District of California

1   duress, prostitution-pimp relationships, and similar topics.  *See id.* (permitting drug expert

2   testimony regarding traffickers' general practice of encoding conversations so as to hide the fact

3   that they are engaged in illegal activity).

4   With respect to Dr. Flinton, he may not offer his opinion that Mendoza was under duress

5   during the period of the alleged sex trafficking conspiracy.  "In a criminal case, an expert witness

6   must not state an opinion about whether the defendant did or did not have a mental state or

7   condition that constitutes an element of the crime charged or of a defense."  Fed. R. Evid. 704(b).

8   "Those matters are for the trier of fact alone."  *Id.*  Nor may Dr. Flinton offer opinion on

9   Mendoza's credibility.  *See United States v. Christensen*, 186 F. Supp. 3d 997, 1000 (D. Ariz.

10  2016) ("In general, expert testimony which does nothing but vouch for the credibility of another

11  witness encroaches upon the jury's vital and exclusive function to make credibility determinations,

12  and therefore does not 'assist the trier of fact' as required by Rule 702." (quotation marks and

13  citation omitted)).  However, Dr. Flinton may testify regarding his evaluation of Mendoza and in

14  that context he may rely on her history of abuse.  Dr. Flinton also may testify generally regarding

15  coercion in the context of sex trafficking.  He may be able to answer hypothetical questions based

16  on record evidence.

17  With respect to Mr. Plainfield, it is unclear from the briefing what testimony he will offer.

18  As a result, the Court cannot make any comment as to the admissibility of such testimony.

19  The motion is GRANTED IN PART as set forth above.

20  **DEFENDANT MENDOZA'S MOTIONS *IN LIMINE***

21  **(1)   Defendant Mendoza's Motion *in Limine* No. 1 To Exclude Admission Of**

22  **Co-Defendants' Guilty Pleas In This Case (ECF 341)**

23  Mendoza moves to exclude the plea agreements executed by her three co-defendants,

24  Guizar-Cuellar, Contreras, and Anthony.  The Sixth Amendment confrontation clause precludes

25  admission of out-of-court testimonial statements of a witness who did not appear at trial unless the

26  witness was unavailable to testify, and the defendant had had a prior opportunity for cross-

27  examination.  *See Crawford v. Washington*, 541 U.S. 36, 53–54 (2004).  The Government

28  represents that at present it does not intend to introduce the co-defendants' plea agreements at trial,

United States District Court
Northern District of California

1    although the Government states that it may seek to introduce the plea agreements if warranted by

2    trial developments.  The Government does intend to call one or more of Mendoza's co-defendants

3    to testify.  Such testimony would not be within the scope of Mendoza's Motion *in Limine* No. 1,

4    which is directed specifically to the co-defendants' plea agreements.

5         The motion is GRANTED, subject to the Government's ability to argue that admission of

6    the plea agreements is warranted based on trial developments.

7    **(2)    Defendant Mendoza's Motion *in Limine* No. 2 to Exclude any Evidence Offered by**

8         **the Government That Was Not Produced Prior to Trial (ECF 342)**

9         Mendoza moves to exclude any evidence that the Government was obligated to produce

10   before trial pursuant to Federal Rule of Criminal Procedure 16, but failed to produce.  Mendoza

11   also asks the Court to order the Government to provide her with written notice of its intent to use

12   any discoverable evidence in its case-in-chief pursuant to Federal Rule of Criminal Procedure

13   12(b)(4).  The Government opposes the motion as unnecessary and premature, representing that it

14   has complied with its discovery obligations under the Federal Rules of Evidence as well as its

15   *Brady* obligations.  Absent some evidence that the Government has failed to comply with its

16   obligations, the Court agrees that the motion is premature, and it will deny the motion on that

17   basis.  The Court's ruling is without prejudice to renewal of the motion during trial, if appropriate.

18        The motion is DENIED.

19   **(3)    Defendant Mendoza's Motion *in Limine* No. 3 to Exclude Government Witnesses**

20   **From the Court Proceedings and Require the Case Agent to Testify First (ECF 343)**

21        Mendoza moves to exclude all government witnesses from the courtroom pursuant to

22   Federal Rule of Evidence 615, except those witnesses who are not subject to exclusion under Rule

23   615(a)-(d).  Mendoza also requests that if the Government designates a "case agent" that is not

24   subject to exclusion under Rule 615(b), the case agent be required to testify before other

25   Government witnesses.  The Government does not oppose the motion to exclude all its non-

26   exempt witnesses under Rule 615, and it requests that the Courts's ruling be reciprocal such that

27   Mendoza's non-exempt witnesses likewise are excluded from the courtroom.  The Government

28   objects to the request that its case agent be required to testify before other witnesses.

1    As the motion to exclude all non-exempt witnesses is unopposed, it will be granted, and

2    the Court's ruling will cover both the Government's witnesses and Mendoza's witnesses.  The

3    Court notes that the victims are entitled to be in the courtroom throughout the trial.  The parties

4    agree that expert witnesses may be present during the testimony of other experts, and the

5    Government has no objection to Dr. Flinton being present in the courtroom when Mendoza

6    testifies, if she does.  The Court will deny the motion to require the Government's case agent to

7    testify first.  None of the authorities cited by Mendoza mandates that the Government's case agent

8    testify before other Government witnesses, and the Court declines to direct the Government how

9    to put on its case.

10    The Court will require both sides' counsel to instruct witnesses who are excluded from the

11    courtroom that they may not listen to the audio feed of the trial.  Witnesses may not speak to each

12    other about trial testimony.  Moreover, counsel may not relay the testimony of one witness to

13    another.  The victims may not speak to each other regarding the trial.  Witnesses and victims may

14    discuss the trial with their own support team, including including counsel and medical providers.

15    The motion to exclude non-exempt witnesses from the courtroom under Rule 615 is

16    GRANTED.  This ruling is reciprocal, such that it applies to both the Government and Mendoza.

17    The motion to require the Government's case agent to testify before other Government witnesses

18    is DENIED.

19    **(4)     Defendant Mendoza's Motion *in Limine* No. 4 to Designate All Government**

20    **Witnesses as Under Defense Subpoena Unless Released (ECF 344)**

21    Mendoza requests that requests the Court order that any released government witnesses be

22    considered under defense subpoena for the duration of the trial.  The Government opposes the

23    motion, arguing that it is not appropriate for the defense to ask the Government to make such

24    witnesses available without complying with applicable procedures under *Touhy v. Ragan*, 340

25    U.S. 462 (1951) and 5 U.S.C. § 301.  The Court agrees with the Government, although it urges the

26    parties to cooperate with respect to percipient witnesses.

27    The motion is DENIED.

28

United States District Court
Northern District of California

8

1  **(5)   Defendant Mendoza's Motion *in Limine* No. 5 to Preclude the Government and Its**

2  **Witnesses From Vouching (ECF 345)**

3  Mendoza moves to preclude the Government from vouching for the credibility of its

4  witnesses.  *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993) ("As a general

5  rule, a prosecutor may not express his opinion of the defendant's guilt or his belief in the

6  credibility of government witnesses." (quotation marks and citation omitted)).  The Government

7  does not oppose the motion, and it requests that the order be reciprocal, such that defense counsel

8  be precluded from vouching for defense witnesses.

9  The motion is GRANTED.  Both sides are precluded from vouching for the credibility of

10  witnesses.

11  **(6)   Defendant Mendoza's Motion *in Limine* No. 6  to Produce Grand Jury Transcripts**

12  **(ECF 346)**

13  Mendoza moves for an order requiring the Government to produce grand jury transcripts of

14  any trial witness who also testified before the grand jury.  *See* Fed. R. Crim. Proc. 26.2(f)(3).  The

15  Government does not oppose the motion, noting that the Court previously ordered the Government

16  to produce grand jury transcripts for anticipated Government witnesses at least 30 days before

17  trial.  With respect to the grand jury that recently returned the Superseding Indictment in this case,

18  the Government represents that it has ordered the grand jury transcript from that proceeding on an

19  expedited basis and will produce it with the other grand jury transcripts if received in time.

20  Otherwise, the United States will produce that transcript as soon as possible thereafter.

21  The motion is GRANTED.

22  **(7)   Defendant Mendoza's Second Revised Motion *In Limine* No. 7 to Admit F.R.E.**

23  **412(b)(1)(C) Evidence (ECF 390)**

24  Mendoza seeks to admit evidence regarding the minor victims' sexual activity under Rule

25  412(b)(1)(C), which renders admissible "evidence whose exclusion would violate the defendant's

26  constitutional rights."  Mendoza asserts that exclusion of specified evidence regarding the minor

27  victims' sexual conduct would violate her Fifth Amendment right to due process and Sixth

28  Amendment right to confrontation.  The Government opposes the motion.

United States District Court
Northern District of California

9

United States District Court
Northern District of California

1

2      As discussed above in the context of the Government's Motion *in Limine* No. 2, Federal

3   Rule of Evidence 412 precludes evidence of a victim's prior sexual behavior, subject to certain

4   exceptions enumerated in subsection (b).  Fed. R. Evid. 412(a), (b).  A party seeking to offer

5   evidence under Rule 412(b) must:  file a motion describing the evidence and the purpose for which

6   it is to be offered; do so at least 14 days before trial; serve the motion on all parties; and notify the

7   victim or the victim's guardian or representative.  Fed. R. Evid. 412(c)(1).  Moreover, "[b]efore

8   admitting evidence under this rule, the court must conduct an in camera hearing and give the

9   victim and parties a right to attend and be heard."  Fed. R. Evid. 412(c)(2).

10      It does not appear that Mendoza has notified the victims or their guardians/representatives

11   of her request for admission of evidence under Rule 412(b), nor has Mendoza requested that the

12   Court conduct an in camera hearing at which the victims and parties may be heard.  Accordingly,

13   Mendoza has not satisfied the requirements for admission of evidence under Rule 412(b).

14      The Court observed at the hearing that in its view, only some of the evidence that Mendoza

15   seeks to admit pursuant to this *in limine* motion actually falls within the scope of Rule 412.  Of the

16   five categories of evidence listed in the motion, the Court identified category (1) and a portion of

17   category (4) as falling within Rule 412, and Mendoza withdrew her *in limine* motion as to that

18   evidence.  The Court stated that categories 2, 3, 4, and 5 appear to be outside the scope of Rule

19   412 because they do not go to the victims' prior sexual behavior.  The Court also observed that

20   much of the evidence in question is intrinsic to the charged offenses and likely to be presented by

21   the Government in its case-in-chief.  The Government disputes the Court's characterization of the

22   proffered evidence.

23      Given the constraints of Rule 412 and the Government's position, the Court concludes that

24   it cannot grant Mendoza's motion to admit any particular evidence until such evidence is offered

25   at trial.  The Court provides the following guidance.  To the extent evidence is presented by the

26   Government in its case-in-chief, Mendoza may rely on the evidence and argue that particular

27   inferences may be drawn from it.  To the extent evidence is not presented by the Government, and

28   falls within the scope of Rule 412, Mendoza must comply with the procedure set forth in Rule

1    412(c) before the Court may consider admitting the evidence.  The Government has the right to

2    object to admission of any defense evidence on appropriate grounds.

3          Accordingly, the motion is DENIED without prejudice to offer of the subject evidence at

4    trial.

5    **(8)    Defendant Mendoza's Revised Motion *In Limine* No. 8 to Admit F.R.E. 404(B)(2) of**

6          **Co-defendant Cuellar Crimes, Wrongs, Or Other Acts (ECF 351)**

7          Mendoza seeks to present evidence of Federal Rule of Evidence 404(b)(2) other crimes,

8    wrongs and acts of co-defendant Guizar-Cuellar to show his motive, intent, preparation and plan to

9    sex traffic her, the three charged victims, and other uncharged victims of the alleged sex

10   trafficking conspiracy.  The Government opposes, pointing out that Mendoza has not specifically

11   identified the acts it seeks to introduce as to Guizar-Cuellar.  The Court agrees with the

12   Government's characterization of the motion as vague, and it notes that at least some of the acts

13   were taken in furtherance of the conspiracy charged in this case, and thus would not qualify as

14   "other" acts under Rule 404(b).  The Court concludes that Mendoza has not provided sufficient

15   evidence in this motion for the Court to grant the relief requested.  Accordingly, the motion will be

16   denied without prejudice to Mendoza's seeking to introduce Rule 404(b) evidence at trial.

17         The motion is DENIED without prejudice.

18         **IT IS SO ORDERED.**

19

20   Dated: April 2, 2021

21   _____

22   BETH LABSON FREEMAN
     United States District Judge

23

24

25

26

27

28

United States District Court
Northern District of California